Dolbier *v.* Norton.

## NATHAN DOLBIER *vs.* PETER NORTON.

If a replevin bond made to one obligee, be altered after its execution, and made payable to another, without authority from the parties, the alteration is a material one, and avoids the bond.

In an action against an officer for serving a writ of replevin against the plaintiff without taking a replevin bond, where it is proved that the bond, returned with the writ, was originally made to a different obligee, and was altered by the officer, and made payable to the plaintiff; it is not incumbent upon the plaintiff to prove that the defendant had not authority to make the alteration, but the burthen of proof is upon the defendant to show that he had authority.

CASE against the defendant for serving as a coroner, a writ of replevin sued out by *William Ladd* against the plaintiff without taking any replevin bond, and for making a false return thereon, stating that such bond had been taken and returned. It appeared on the trial before SHEPLEY J., that a replevin writ and bond had been made by an attorney in favor of *Ladd*, against *James Colman*, and put into *Ladd's* hands to procure service, and that after the bond had been executed, it had been altered, making it payable to the plaintiff instead of *Colman*, the writ having been altered in like manner, to run against the plaintiff instead of *Col-*

man. There was evidence tending to prove by the handwriting, that the alteration of the bond was made by the defendant; and also to prove, that being so altered, it was returned, and was the only bond returned with the replevin writ. The plaintiff prevailed in the replevin suit, and had a judgment in his favor for damage, costs and a return of the property, but could obtain no satisfaction. It appeared that the plaintiff had commenced a suit upon the bond, and on a trial discontinued it.

The defendant's counsel contended, that if the jury were satisfied, that the bond had been altered by the defendant, the bond would not thereby be avoided, as it did not appear that he did it without authority, and that the burthen of proof was on the plaintiff to prove that it was done without authority. The Judge instructed the jury, that if they were satisfied, that when the bond was executed, it was payable to *Colman,* and was altered by the defendant, it would be thereby destroyed as a legal instrument, the alteration being material, unless the person making the alteration had authority from the parties to the bond to make it; and that it was not incumbent upon the plaintiff to prove that the defendant had not such authority, but on the defendant to prove that he had authority to make the alteration. If the instructions were erroneous, the verdict for the plaintiff was to be set aside.

*Tenney,* for the defendant, contended, that the alteration was not a material one, and therefore the instruction was not correct. The bond related to the same property, the same question was to be tried, the liability would be the same, whether the bond was to *Colman* or to the plaintiff. *Barrett* v. *Thorndike,* 1 *Greenl.* 73; 2 *Stark. Ev.* 329; *Hatch* v. *Hatch,* 9 *Mass. R.* 307; *Smith* v. *Crocker,* 5 *Mass. R.* 538. And if the officer did not return a proper bond, it should have been taken advantage of by plea in abatement. *Cady* v. *Eggleston,* 11 *Mass. R.* 285. If the alteration was a material one, then the burthen of proof was on the plaintiff to show that the alteration was made without authority. The presumption is, that an officer does his duty. He acts under oath, and his return is testimony. The plaintiff adopts the alteration and goes to trial on the bond, which shows his assent, and the consent of the signers of the bond is to be presumed. *Hunt* v. *Adams,* 6 *Mass. R.* 522; 1 *Stark. Ev.* 376; 11 *Johns. R.* 513;

Dolbier *v.* Norton.

19 *Johns. R.* 345; 3 *East,* 192; 10 *East,* 216; *Com.* v. *Stow,* 1 *Mass. R.* 53; *Lane* v. *Crombie,* 12 *Pick.* 177.

*Bronson,* for the plaintiff, argued, that the alteration in the bond was a material one. It is the duty of the officer to take a good bond running to the creditor. The creditor does not see it, until he finds it returned with the writ. Even altering the date of a writ avoids it. *Clark* v. *Lyman,* 10 *Pick.* 45. It is said the liability is not changed by the alteration. They were not liable in any way before the alteration, and *that* places them under a heavy responsibility. If a man is willing to be bound to one, it by no means follows, that he is willing to be bound to every one. This is not an exception to the general rule, that the affirmative is to be proved. We show that there is no valid bond, because the defendant took a bond to another person, and altered it to run to the plaintiff. His return might be evidence in a suit between third persons, but is none in an action against him. The bringing of the suit on the bond does not excuse the defendant from his liability. He proceeded until he found it was a forged bond, and then abandoned the suit. His actually recovering judgment on the bond would not have afforded any excuse to the defendant, if the obligors had been without property. *Stat.* 1821, *c.* 89, § 5; *Clark* v. *Lyman,* 10 *Pick.* 45; *Loomis* v. *Green,* 7 *Greenl.* 386.

The opinion of the Court was drawn up by

WESTON C. J. — We are very clear that the alteration was material. The sureties might be willing to be bound to *Colman,* from a conviction that he could not defend successfully, while for an opposite reason, they might have declined to enter into a bond to the plaintiff. The alteration then, if unauthorized, avoided the bond. The prosecution of the bond by the plaintiff, was no waiver of his claim upon the defendant for official delinquency. It does not appear that he was apprised that the alteration was made, after the execution of the bond. In making the alteration, the officer was not acting in the discharge of official duty, nor does the act receive any sanction from his official character.

It was his duty to take a valid bond. The violation of that duty is shown, by proving that he received and returned one which was invalid; more especially, if rendered such by his own act.

This was sufficiently proved at the trial, in the absence of all op-
posing proof. The act done by him was apparently wrong, and
the implication against him must remain, unless he removes it by
showing an authority. We are not aware of any reason, why it
should be presumed, without evidence.

*Judgment on the verdict.*